Tr. Ct. No. C-396-010432-124935-A  WR-83,621-01

| | |
|---|---|
| LARRY JOE MORGAN | § IN THE COURT OF |
| VS. | § CRIMINAL APPEALS |
| STATE OF TEXAS | § OF TEXAS |
| | § |
| | § AUSTIN DIVISION |
| | § AND |
| | § THE COURT OF APPEALS |
| | § SECOND DISTRICT |
| | § OF TEXAS |
| | § |

FILED
DEC 08 2015
SEVENTH COURT OF APPE...
VIVIAN LONG, CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS
DEC 14 2015
Abel Acosta, Clerk

## MOTION TO ABYANCE LARRY MORGAN'S 11.07 WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Larry J. Morgan (Äpplicant") pro se Movant and brings this Motion to Abyance his 11.07. Writ of Habeas Corpus and in Support thereof Shows:

Applicant brings this Motion to Abyance the adopted findings of the State's Proposed Memorandum, Findings of Fact and Conclusion of Law as the record is in (error). The Court has the authority to reopen and modify its judgment pursuant to Section 21.001 Texas Government Code in the interest of Justice.

### UNRESOLVED MATERIAL FACTS

### CONTRIBUTING TO THE ILLEGAL CONFINEMENTS

The Applicant is/has been deprived of the material he needs in order to support his habeas corpus application. Further, the misrepresentations of Counsel as well as the complete failure to address the complaint has left the Applicant unable to show the complained of errors. The Applicant asserts the following issues unresolved and unaddressed are errors and misrepresentation of trial counsel:

## A. THE 911 CALLER

Counsel misrepresented the 911 caller which is material to the assertion of a defense by the Applicant. Trial Counsel represents that the 911 caller is/was the sister of the complainant's girlfriend. SEE F/FCL at #18.

This is not the 911 caller that counsel failed to investigate. The caller is a third party who stated "let me get around the corner so they can't see me." This caller represented that the Applicant was being attacked and was defending himself. This caller was not investigated nor called to testify Thus The facts outside the record.

It can not be considered sound trial strategy, to not introduce a disinterested party who

held facutal information disclosing Applicant was IN Fact defending himself against the assault by the state's chief Complainor who was the assailant in this matter.

Applicant is uNable to obtain, listen to, or create a transcript of this caller.

Applicant has presented in this section, a material fact that is unresolved, and is misrepresented by Trial Counsel as the issues complained of. Trial Counsel failed to investigate all the 911 Calls Specially the one asserted herein, which would be crucial to the issue of Self-defense and also a disinterested third party.

For this reason the court should Abyance the state's Proposed FF and C L and amend Same after the review of the 911 Calls received. Applicant should also have the opportunity to review same to ensure proper identify of the caller Complained of herein is heard.

## B. POLICE REPORTS

Trial CounSel asserts that the police reports are generally inadmissable in a trial. SEE FFCL at 28.

Its Not that the police records were Not

admissible, its that the complainant made several different statements which were recorded by the FWPD. The records could have been used to impeach the witnesses, or having questioned the official who created the report first, and then listening to the complainant the fact finder would have been left with not knowing who to believe or perhaps picked up on the leading questioning by the state prosecutor.

Additionally, Trial Counsel could have inquired about why FWPD did not obtain all the witnesses statements from the 911 calls made.

It can not be considered reasonable trial strategy, to not use the material available made by the investigative authority, to impeach, or discredit, testimony of witnesses.

### C. BURDEN OF PROOF

Trial Counsel asserts that there was no need for the Applicant to testify because there was evidence before the jury that Applicants weapon did not cause the victim's wounds. SEE FFCL at #43.

It cannot be considered competent repre-

sentation to allow the state to enter a Complainant into the record who decribes all the elements necessary for the state to obtain a conviction. When the state has accomplished the necessary elements into the records it may then obtain a conviction.

No competent attorney would presume by showing that the manner in which a complainant was cut or with what instrument, would inform the jury that his client is not the perpetrator. Instead what Trial Counsel did was show that FWPD did not recover the actual weapon that was used in applicant's defense. Trial Counsel did not present to the jury, that someone else committed the alledged assault against the states Complainor. Counsel failed to understand the rudimentary elements that allows for a conviction. SEE FF CL @ #43 and 44.

### D. HOSPITAL RECORDS

Trial Counsel failed to obtain medical records from prior representation had trial counsel obtained the client file from James H. Shaw he could have used the records to show

that Applicant was assaulted, and was defending himself by the statements of the 911 Caller, and Applicant statement during his sentencing phase of trial, and further information that could have been developed had trial Counsel called/Identified the Caller to trial.

Had trial Counsel listened, and understood Applicant, in his description of the events in question, he would known, the cut on the Complainant's leg was Caused by the Complainant stomping Applicant, the heel of Complainant foot were also injured, base on applicant observation of his shoe on the photographs, his Counsel showed him. He further, would have known that in defending himself the Applicant had his sheetrock Knife still upon him, and faced with being pinned down made swipes comming up off the ground, one of which cut the Complainant/assilant across the bottom of his stomach and wrist. This was Never mention during Applicant's trial. further, this information would prove to be more elements of the defense of Self-defense, had Counsel presented it to the Jury. Once again the

Records of the events from FWPD and the hospital which attended the complainant/assailants wounds could have been used in support of a self-defense assertion that the law statutorily allows.

It can not be considered sound trial strategy that trial counsel advised Applicant to refrain from testifying because his version was contrary to the physical evidence before the jury. SEE FFCL @ #43,44,45,46.

E. ASK FOR NEW COUNSEL

It cannot be considered sound trial strategy to not testify to the only defense self-defense. SEE FFCL @ # 47,48,49,50.

Furthermore, see R. Scott Walker's affidavit @ #10. After all from day one, he stuck to the story that he cut the victim's ankle in ("Self-defense").

Applicant ask the court for New Counsel or to continue pro se. Further the court denied applicant counsel. SEE Applicant's 11.07 @ # 6.

Its a greater Probability had not S. Walker used his (professional, deception, surreptitously), for Applicant not to take the Stand in his

defense of Self-defense, the outcome would have been favorable.

Applicant counsel admitted in his affidavit. SEE S. Walker's affidavit @ #4 PG. #2 I did ("everything") to convince Mr. Morgan that he should Not testify.

Counsel, and his investigator Ms. Cynthia Torrez, came to Applicant in his holding Cell with ("Urgency") for the Applicant Not to testify and also, saying if he did he could get up to (99 years). Further, saying as the evidence stood Applicant would indeed be found guilty if he took the stand. Ms. Torrez went on to say if Mr. Walker Say don't take the stand, ("Please"), don't take the stand (I trust him with my life).

### F. FAILURE TO INVESTIGATE

The court adopted the State's Claim that Applicant fail to Support his claim that counsel fail to investigate. SEE FFCL @ # 51, 54, 55, 56, 57, and 58.

Trial counsel made ("No reference") that he sought and spoke to any witnesses in

his Affidavit. SEE Mr. Walker affidavit @ # 1 through 16.

Applicant did not present evidence to support the claim. This is because trial counsel failed to enter into the record, the 911 caller whos call was not played to the completion for the Fact Finder. This unbiased, and disinterested witness was not called.

Unfortunately, as a prisoner Applicant has no way of discovering this uncalled witness name, nor how to contact her, to see if this crucial witness would provide an affidavit.

Once again due to the manner in which the proceeding have taken place Applicant can not obtain this witness statement.

Furthermore, (it is a Fact trial) (Counsel) failure to investigate this 911 Caller because during trial, and out of the Jury presents, Counsel played a Crucial part that were favorable for applicant before the State objected to the recording, and trial Counsel unaware of the Significance of this Caller, and Applicant right to Call witness in his defense who would provide

iNFormation allowing for a Statuory right to defend one's Self Thus Applicant right to defense was denied.

Perhaps the appointment of an Attorney who could Identify this witness, and locate and Contact her for an affidavit, would give the court what it needs. As it sets there is No way Applicant can identify Contact and locate this Crucial Caller.

### G. APPLICANT'S OBJECTION'S ON FILE WITH TRIAL COURT

Applicant presents No evidence to Support his claim that he gave James H. Shaw a Sim Card. SEE FF CL @ # 59, 60 and 61

Applicant Never recieved his Client file from Jame H. Shaw his prior. It was the duty of applicant current attorney to get Applicant Client file. S. Walker fail to do so.

### H. PREPARE FOR PUNISHMENT

Applicant refused to discuss punishment. SEE FF CL @ # 62, 63, 64, 65, 66, 67.

Counsel of applicant had from 11-21-2012

until 3rd 18, 2013 to get applicant's contacts information, in fact applicant's tried on numerous of occasions to get counsel the information, applicant tried calling counsel, applicant wrote counsel two letters, Applicant will attach these letters as exhibits "A", applicant gave counsel his e-mail user name and pin number, applicant later found out counsel had sabotaged his primary e-mail address. In Fact only counsel and Applicant had knowledge of this e-mail address, until later applicant gave it to his daugther to transfer information.

It can not be considered reasonable trial strategy to ("Procrastinate"), until the last few hours in the case to prepare for sentencing phase, ("Specifically after applicant told counsel his list of contacts were employers applicant has worked for for years, and would prove Applicant are honestly legit) In Fact they are of all races, and wanted to be present for trial proceeding. There is ("No excuse") for counsel to not get this information from applicant's prior

Attorney James H. Shaw this incompetence should be perplexing to officials of authorities, and should not be tolerated in the Justice System. Mr. S. Walker should be held to a higher Standard, and be accountable for action in victimization of his clients. This case should be held most ("Paramountcy") looking back on its paper trail of Mr. Walker's ("Professional Performance of Subterfuge"), in this case. Further, it is also a fact applicant told Mr. Walker his family had two more sim cards as backup, and wish for him to get one of them, and at the same time inform my family of the trial date, a day before the trial, because applicant had no way of contacting them. ("applicant") (But) counsel failed to do so.

Again it can not be considered reasonable trial strategy to wait until the last minute to get the letters from Jim Shaw references and contacts and consider yourself a competent attorney without an explaination.

## I. SUPPORTED BY ERRORS

R.S. Walker and B.K. Walker affidavits is credible and supported by the record.

SEE FFCL @ # 68 69 70.

What both counsels showed in their Affidavits is what they did not do. All the list of things they did not do was errors.

[1] For instance not contacting the 911 Caller was erroneous because see saw the events as applicant stated in his Sentencing phase.

[2] Failure to investigate and Subpoena eye witnesses on the Original police report.

[3] Failure to subpoena the arresting officer, officer Salazar base on him not doing DNA testing on the sheetrock knife, and because of what he said in applicant Bond reduction hearing I quote, he said he has had a case where the defendant turned out to actually be the victim.

[4] Failure to impeach the three imposters applicant pointed out during trial that took the stand.

[5] Counsel Failure to show proof of any investigation, other than what was done just days before applicant's trial.

[6] Counsel Failure to show what defense he used.

[7] Counsel Failure to use the only defense as the evidences stood Self-defense.

## IN CONCLUSION

Because of Applicants Counsels erroneous conduct applicants was found guilty on the date herein. Counsels Cannot admit to their incompetance in fear of a malpractice suit.

However, herein, I submit to the court lots of errors further, many of counsel errors is not mention in this motion. Its a fact counsel did not do any investigating on applicant behalf. His investigator Ms. Cynthia Torrez, (Said so herself), in applicant's hearing on motion for New Trial.

Further, counsel invoice is proof of his procrastinations, and it shows counsel did very little to no investigation. Applicant also made a Note of each one of counsel attorney visit, there were no attorney client visit on 3-16-13.

Applicant is in belief its a large Probability had counsel follow the herein leads the out-come would have been different. See attached affidavit.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, (APPLICANT) prays that the courts grants this motion to Abyance until complete records as herein requested can be reviewed and 11:07 will better prove his innocense. Further Applicant request appointment of counsel to do so.

Larry Morgan

# VERIFICATION

I, LARRY JOE MORGAN, TDCJ-ID # 1847262 being presently incarcerated at James A. Lynaugh Unit of TDCJ declare under penalty of perjury that the foregoing facts are true and correct.

_Larry Morgan_
Larry J. Morgan
DOB 28 07 1960
Date 12 1st 2015
1098 S. HWY 2037
FT STOCKTON, TX.,
79735

## CERTIFICATE OF SERVICE

This is to certify that on December 1st 2015 a true and correct copy of the above and foregoing Motion to Abyance was mailed to the Clerk Abel Acosta of the Court of Criminal appeals of Texas at P.O. Box 12308 Capitol Station Austin Texas 78711, and Court of appeals Second District of Texas Tim Curry Justice Center 401 W. Belknap suite 9000 Fort Worth Texas 76196,

_Larry Morgan_
Pro se

## ORDER

ON_____20___ Came on to be Considered, LARRY JOE MORGAN's Motion to Abyance his 11.07 Writ of Habeas Corpus.

(Granted) (Denied)

_____
JUDGE PRESIDING

2-15-2013

Dear Mr Walker I am writing you out of Concern, I wrote you a letter 1-31-2013 out of respect hopeing to get the same in return. I only ask for curtisey information.

This has been an ongoing battle, myself and my daugther lifes future is on the line. I called your cell when you picked up, I only asked too see or hear from you. I do know you'er a busy man and I'm not the only client, just like you dont know me from Adam I don't know you either. I must stay on top of this, leaving no stone unturned. Please respond with updates. Did 911 calls Starting @ 4 pm on aug 4. 2011 pay off? Was the three Larry's real people and the one guy with the last name Morgan, all of them on the detective report rised red flags too me. If you could'nt still get in my Emails, Jim shaw got everything inclueding pictures, I E-mailed it too him. In closing I do know how to get in touch with Tony Fuller better known as Joker;

Sincerely Jaury Morgan

1-31-2013

Dear Mr. Walker, your last visit was very appreciated, we was able to go over almost all reports you had. I was going over some notes and ran across a important subject, 911 calls, we need to know when they begans and ends on august 4th and times. we need medstars report, mines in storage. Also even if its a brief letter, I want some kind of update before court. This is just a headup I was attacked between 4 and 4:30 pm but I was revised about 9:00 p.m at the park by medstar. Mr. Walker please be conscious that everyday I'm here my daughter is in harms way, she's been safe with me for nine years, if she gets rape again I couldn't live with myself. Therefore my prayers is that Good give you his speed in this case. I know you need to make moneys, therefore when this case is done what I give you will be a gift, I can earn up to one thousand dollars a day in my trades. Also in my notes, one of your letters said you can give me copies of some reports I want a copys of everything possible. Inclosing my future wife Belinda Whitehead may call you for updates, she just found out I'm in jail, one more thing I have attached a law sued against Joe Shannon Justice Center to my ongoing claims, my credits cards expired september so I'm out of money here, I must use my paper sparingly.

With all respect to you —

Sincerely, Jerry Morgan

# EXHIBIT 1

## DECLARATION OF INABILITY TO PAY COST

(The following Declaration is made pursuant to the Texas Rules of Civil Procedure and Title 6, Chapter 132 of the Texas Civil Practices and Remedies Code.)

Now respectfully comes __LARRY JOE MORGAN__, TDCJ # __1847262__, and declares that I am unable to pay the court costs in this civil action and requests leave of the Court to proceed in forma pauperis in this accompanying civil action and would show the Court the following:

(1) I am presently incarcerated in the __LYNAUGH__ Unit of the Texas Department of Criminal Justice where I am not permitted to earn or handle money.

(2) I have no source of income or spousal income.

(3) I currently have $ __-0-__ credited to me in the Inmate Trust Fund.

(4) During my incarceration in the Texas Department of Criminal Justice I have received approximately $ __-0-__ per month as gifts from relatives and friends.

(5) I neither own nor have an interest in any realty, stocks, bonds, or bank accounts and I receive no interest or dividend income from any source.

(6) I have __-0-__ dependents.

(7) I have total debts of approximately $ __-0-__ .

(8) I owe $ __-0-__ as restitution.

(9) My monthly expenses are approximately $ __-0-__ .

I, __LARRY JOE MORGAN__, TDCJ # __1847262__, being presently incarcerated in the __LYNAUGH__ Unit of the Texas Department of Criminal Justice in __Pecos__ County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct. Executed on this the __1st__ day of __December__, 20 __15__ .

_____
Name

```
CSINIB02/CINIB02     TEXAS DEPARTMENT OF CRIMINAL JUSTICE          12/01/15
1AX1/SRA6141              IN-FORMA-PAUPERIS DATA                    09:39:04
TDCJ#: 01847262 SID#: 02383400 LOCATION: JAMES LYNAUGH   INDIGENT DTE: 06/15/15
NAME: MORGAN,LARRY JOE                    BEGINNING PERIOD: 06/01/15
PREVIOUS TDCJ NUMBERS: 00698539
CURRENT BAL:          0.00 TOT HOLD AMT:        0.00 3MTH TOT DEP:       0.00
6MTH DEP:            20.00 6MTH AVG BAL:        0.00 6MTH AVG DEP:       3.33
MONTH HIGHEST BALANCE TOTAL DEPOSITS     MONTH HIGHEST BALANCE TOTAL DEPOSITS
11/15       0.00             0.00        08/15       0.00            0.00
10/15       0.00             0.00        07/15       0.00            0.00
09/15       0.00             0.00        06/15      20.00           20.00
PROCESS DATE   HOLD AMOUNT      HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Pecos_
ON THIS THE _1_ DAY OF _December_, _15t_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER:

_Cun # N/a_
_ID By TDCJ ID 1847262_

SAMUEL G.
RAMIREZ
Notary Public, State of Texas
My Commission Expires
03 21 2016
Notary without Bond

Tr. Ct. No. C-396-010432-1249395-A
WR-83 621-02

LARRY JOE MORGAN  § IN THE COURT OF APPEALS

VS. § SECOND DISTRICT

STATE OF TEXAS § OF TEXAS

§ AND

§ COURT OF CRIMINAL

§ APPEALS OF TEXAS

§

§

§

RECEIVED
DEC 03 2015
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
DEBRA SPISAK, CLERK

FILED
DEC 08 2015
SEVENTH COURT OF APP.
VIVIAN LONG, CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

## MOTION FOR PRODUCTION OF RECORDS

TO THE MOST HONORABLE JUDGE Abel Acosta, Clerk COURT:

COMES NOW LARRY JOE MORGAN, Applicant pro se in the above entitled and numbered cause, pleads to the court invoking his rights for the Production of his trial records pursuant to rule 34.5 (a)(12) and 34.5 (b), Texas Rules of Appellate Procedure.

### HISTORY

("Applicant") was convicted of Aggravated assault with a deadly weapon, to-wit: a knife on March 22, 2013 and sentenced to twenty years confinement.

On April 3, 2013 applicant's Appellant counsel file two motions along with his Motion for New Trial [#1] Request for Preparation of Reporter's Record and Designation of Matters to be Included [#2] Written Designation Specifying

Motion for Production of Records for Larry Morgan                    Page 1

matters for INCLUSION IN Clerk's Record. However, the record were Never fully Developed, and my Appellant Counsel William S. Harris subsequently withdraw as Counsel therefore, Not withstanding his duties as Counsel.

RECOMMENDATIONS FROM THE STATE AND LATER ORDER BY THE COURT:

• NECESSITY FOR AN EVIDENTIARY HEARING AND EX-PANSION OF THE RECORD;

("APPLICANT'S RESPONSE")

In order to Support the 11.07. Habeas Corpus applicant Need to review and cite in the record Errors of Trial Counsel, and Appellant Counsel. otherwise expansion of the record is meaningless for ("APPLICANT"), therefore, Not in the interest of Justice.

The State's Law Library Should have on File, the Complete record that ("APPLICANT") seeks. Applicant request the Court to Compel the Trial Court's Production of reporter's records and Exhibits. further, written Designation Specifying matters for inclusion in Clerk's record as the appellant Counsel request in his original motion on April 3rd, 2013 to be deliver to the Lynaugh unit of TDCJ Law Library for a period of

30 days, so. that applicant may cite in the record errors of Counsel.

Applicant has the right to a meaningful Habeas Corpus which ("shall never be suspended"). See article (1) Section (12) Texas Constitution.

The denial of Raw Material makes for a meaningless review of the errors of Counsel. thus the applicant would be denied a meaningful review of his constitutional rights to the effective assistance of Counsel, which then infringes on Applicant right to due process access to Courts, right to file Grievance against the Government. The right to be free from Cruel, and unusual punishment. See article (1) Section (12), (13),(19),(27),(29), for these reasons ("APPLICANT") Prays the Court order delivery of the records then thereafter, a meaningful review and access to Courts. ("APPLICANT") will remove his ("ABYANCE") on his 11.07 and proceed with the recall of the States finding of fact and Conclusion of Law, as now warrant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, ("Applicant") prays that the court grants this motion on the merits, and in the interest of Justice.

Respectfully Submitted

## VERIFICATION

I LARRY JOE MORGAN, TDCJ-ID #1847262 being presently incarcerated at James A. Lynaugh unit of TDCJ declare under penalty of perjury that the foregoing facts are true and correct.

_Larry Morgan_
LARRY JOE MORGAN
DOB 08 07 1960
Date 12 01 2015
1098 S. HWY 2037
FT Stockton, TX.
79735

## CERTIFICATE OF SERVICE

This is to Certify that on December 1st 2015 a true and correct copy of the above and foregoing Motion to Compel the Production of records was mailed to the Clerk Abel Acosta of the Court of Criminal at P.O. Box 12308 Capitol Station Austin Texas 78711, and court of Appeals Second District of Texas Tim Curry Justice Center 401 W. Belknap suite 9000, FT. Worth, Texas 76196

_Larry Morgan_
Pro se

## ORDER

ON _____ 20___ Came on to be considered, LARRY JOE MORGAN'S, Motion to Compel the Production of his reporters records and Clerk's records from his trial court 396th Judicial District Tarrant County Texas.

(Granted) (Denied)

_____
JUDGE PRESIDING

Tr. Ct. NO. C-396-010432-1249395-A
WR-83621-02

LARRY JOE MORGAN

VS.

STATE OF TEXAS,

IN PECOS COUNTY, TEXAS

§ IN THE COURT OF
§ CRIMINAL APPEALS
§ OF TEXAS
§ AUSTIN DIVISION
§ AND
§ THE COURT OF APPEALS
§ SECOND DISTRICT
§ OF TEXAS

FILED
DEC 08 2015
SEVENTH COURT OF A.
VIVIAN LONG, CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS
DEC 14 2015
Abel Acosta, Clerk

## AFFIDAVIT FOR LARRY JOE MORGAN

"I am Larry Joe Morgan and I am the applicant in this case. I am over 18 years of age and competent to make this affidavit. I have personal Knowledge of the facts in this affidavit."

From the time I was first represented by my trial attorney Scott walker I informed him that I had acted in self defense in this case and that I was therefore Not guilty. I was Not aware that in order to use the defense of Self defense I would have to testify at the guilt phase of my trial. My attorney Never made me aware of this crucial information.

I told my counsel Mr. walker that I wanted to testify; After all of the State's witnesses had testified and the state had rested, I beleave, thats when Mr walker and his investigator, Ms. Cynthia Torrez Came to me with urgency to Not testify. Mr walker

# AFFIDAVIT

assured me that the trial went well as I knew it did because of all the conflicting testimonies by the state's witnesses.

Counsel also told me not to testify and if I did I would be found guilty. I could get up to 99 years, but if I did not testify I will be found not guilty. Mr. Walker (Never) told me he was taking self defense, because he knew I would have (Never) agreed knowing that. Mr Walker knew I was in GED classes while in jail. Mr. Walker took advanage of my literacy.

Upon his assurance and only with his assurance I did not take the stand and was found guilty. Had he not put Fear in my heart, about the 99 years, and would have told me he was taking self defense off the table, I would have took the stand as I had told my brothers in Christ back in the pod in the prayer circle. I have a sworn affidavit of that Fact with a number of signatures. Had he gave me the necessary information I would have testified to the events of that afternoon in the same manner that I did during my punishment phase of trial as recorded in the

# AFFIDAVIT

trial record.

There were 911 Callers of the events of the afternoon. I heard several calls,(but) one stuck out more than the others It was very last caller on the CD-ROM that the counsel played, my counsel Mr. Walker. I quote the lady she described what the assailant was wearing just as well as what I were wearing, She said I was being attacked and then she said let her get around the corner so they can't see me. That's when my counsel turned it off. I need to make this part very clear the format of the CD-ROM was the last caller was first and so on well the last caller on the CD-ROM was the assailant's girl friend, which makes her a lyer because she said she was just getting there from work,(but) she testified in trial that she was satting next to the assailant when I came and cut him with his leg cross. However this is not the caller I been speaking of these last two years, the caller I am speaking of is the last caller played on the CD-ROM during trial.

This caller may have known him (but) she did not know me,(but) her call was favorable to me. Had counsel Identified her

# AFFIDAVIT

From her phone Number, and interviewed her and Subpoenaed her, she would have amplified her statements on the call. Her descriptions was the events as they were taking place, and was also contrary to the State's witnesses.

Counsel had four additional CD-ROMs at his desposal, ("I saw them") when he sat them on the table before me. I believe he had every intention to play them (but), for some odd reason he did not. I believe not playing the additional CD-ROMs was another erroneous decision.

Applicant told counsel when he was attacked by the assailants it was between 3:45 pm and 4:45 pm, therefore, it were strange when I was revived by Med star at the crime scene it was dust dark, meaning it was about 8:45 pm. In August it gets dark about 9:00 pm. So if I was knocked unconscious at as late as 5:00 pm 3 hours, and 45 minutes is unaccountable for.

I told this to Counsel in person upon our first meeting and as you will see I mentions it in the attached letters.

# AFFIDAVIT

Further, its a Probability the five CD-ROMs will solve the loss of 3 hours and 45 mintues for the applicant, and the Court.

Its a fact the Second time I was Stabbed I was unconscious. It is also a fact I saw the complainant blood on my Sheetrock Knife from defending myself from being Stomped heavily after he Knocked me to the ground.

Again these CD-ROM discs houses Some tanigble information, to Keep them will be great in-Justice if they are Not (UN) Concealed.

My Counsel Mr. S. Walker ("Never") delivered My client files to me, therefore, Mr. Walker is continuing to imped my case, according to the Texas Board of Disciplinary rule 1.14 Safe Keeping Property (b), Mr. Walker Should have delivered me my Client Files upon request. Furthermore, I have documentation that said he has 261 items. I have mailed Mr. Walker numerous of request for my client file, and I have gotten ("No reply");

Again this 911 Caller I speak of was representing that I was being attacked. Counsel failed to identify, and investigate

her this cannot be considered sound trial Strategy. She held facutal information disclosing I was in Fact being attacked by the State's chief Complainor, who was the assailant in this matter.

"I am unable to obtain listen to or Create a transcript of this Caller without the disclosure of the trial reporter records, therefore I am being impeded to do a meaningful 11.07. writ of Habeas Corpus."

"I have presented material facts that is still unresolved, and is misrepresented by Trial Counsels as the issues Complained of. Trial Counsels failed to investigate all the 911 calls Specially the one mention in my motion to abyance my 11.07 and herein this affidavit. Which is crucial to the defense of Self-defense and also a disinterested third party."

Had Mr. Walker listened and understood me in my description of the events he would have known the cut on the Complainant's leg was caused by the Complainant Stomping me, the heel of his foot were also injured.

I had no idea the assailants was fixing to attack me. (They had no reason to).

# AFFIDAVIT

Further, if the assailant told the police I was chasing him as he did, I would had to be a really fast runner to cut on the inside of his leg, as he told the police. Further, I told my counsel I have two plates, and 15 screws in my right leg its impossible for me to run fast, my 12 years old daugther can out run me.

Again its hard to decipher Counsel reason for failure of subpoenaing the arresting officer. Counsel failed to give his Client an opportunity to show physical evidence by not doing DNA testing. Further, Mr. Salazar Statement in my bond reduction hearing was Crucial to my defense of self-defense.

Inclosing all the facts herein and in my motion to abyance my 11.07 shows clearly Counsel's erroneous performance, and Clearly Shows ineffective assistance of Counsel, and to add to it Counsels impeding my appeals by not delivering me my client files as requested so many times. This is not action of reasonableness its Sabotage, and should be dealt with as Such. By me being attacked by the three Perpetrators, the Complainanor first beat me on top my head with his fist Causing Severe bleeding of the front portion of my head afterward Stabbing before knock-

AFFIDAVIT FOR Larry Morgan                    Page 7

# AFFIDAVIT

ing me unconscious by the third person, this blow was in the back of my head while the other perpetrator was Keeping me busy Stabbing at me from the front. This causing me to have (three MRI's, Staples, and stitches afterwards the hold top portion of my head was one big scab,).

"Now I have short term memory lost Arthritis in the hands I held up trying to defend myself. And the perpetrators is loose free to attack someone else."

I am requesting appointment of Counsel in the interest of Justice. Again my actual relief is granting my 11.07 so that Justice will be Served. My second form of relief is to grant my Abyance, and allow me the Tools which is my Trial records as requested So I can do a meaningful 11.07 In the interest of Justice.

This Conclude my affidavit.

## VERIFICATION

I, LARRY JOE MORGAN, TDCJ-ID # 1847262 being presently incarcerated at James A. Lynaugh Unit of TDCJ declare under penalty of perjury that the foregoing facts are true and Correct.

Date 12 01 2015
1098 S. HWY 2037
FT STOCKTON Tx.
79735

OFFICIAL BUSINESS
STATE OF TEXAS
STATE PENALTY
FOR PRIVATE USE



Court of Appeals
Seventh District of Texas
P. O. Box 9540
Amarillo, Texas 79105-9540

COURT OF CRIMINAL APPEALS
LOISE PEARSON
201 WEST 14TH STREET, RM. 106
AUSTIN, TX 78701